UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

WINDY LUCIUS,

    Plaintiff,

v.

RENZO'S NORTH TAMPA, LLC
d/b/a RENZO'S

    Defendant.

_____/

# COMPLAINT

Plaintiff Windy Lucius ("Plaintiff") by and through her undersigned counsel hereby sues Defendant Renzo's North Tampa, LLC doing business as Renzo's ("Defendant"), a Florida limited liability company, for Injunctive Relief, attorney's fees, litigation expenses and costs pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12181-12189 ("ADA"), 28 C.F.R. Part 36, *et seq*.

1. Venue lies in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) and Local Rule 1.04, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

2. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been

given original jurisdiction over actions which arise from Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. and 28 U.S.C. § 2201, § 2202.

3. Plaintiff is a Florida resident, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is legally blind and a member of a protected class under the ADA 42 U.S.C. §12102(1) & (2), the regulations implementing the ADA as set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Plaintiff is substantially limited in the major life activity of seeing. Plaintiff's disability is defined in 28 C.F.R. §36.105(b)(2).

4. Plaintiff uses the internet and a mobile device to help her navigate a world of goods, products and services like sighted individuals. The internet, websites and mobile applications provide her a window into the world that she would not otherwise have. Plaintiff utilizes the Apple Screen Reader VoiceOver software to read computer materials and/or access and comprehend internet mobile website information which is specifically designed for the visually impaired. Plaintiff brings this action against Defendant for offering and maintaining a mobile website (software that is intended to run on mobile devises such as phones or tablet computers) which does not provide to her (a visually impaired customer) the ability to effectively communicate with Defendant's place of public accommodation despite using the available software for that purpose.

5. Plaintiff is also a "tester" for the purpose of asserting her civil rights. She monitors mobile websites to ensure and determine whether places of public accommodation and/or their mobile websites are in compliance with the ADA.

6. Defendant owns and operates the Renzo's Carrollwood restaurant which is part of a small chain of Renzo's brand restaurants which specialize in serving Spanish seafood, meats, and deserts. There are three related Renzo's restaurants operating within the state of Florida as follows:

- "Renzo's" Carrollwood which is located at 14445 North Dale Mabry Highway, Tampa, Florida 33618 and which is the subject of this instant action;

- "Renzo's" South Tampa, which is located at 3644 West Kennedy Boulevard, Tampa, Florida 33609 (owned by Renzo's South Tampa Corp, which is not a party to this action);

- "Renzo's" St. Petersburg, which is located at 104 2nd Street, St. Petersburg, Florida 33701 (owned by Renzo's Corp., which is not a party to this action);

7. Each Renzo's restaurant is open to the public therefore each is a Place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7) (B), §12182 and 28 C.F.R. §36.104(2). The Renzo's Carrollwood restaurant is referenced throughout as

"place of public accommodation," "Renzo's Carrollwood," or "restaurant."

8. Defendant is the owner and operator of the Renzo's Carrollwood restaurant; therefore, Defendant subject to the requirements of Title III of the ADA as a "Public Accommodation" within meaning of 42 U.S.C. § 12181(7)(B) and 28 C.F.R. § 36.104(2).

9. Subsequent to the effective date of the ADA, Defendant constructed, caused to be constructed, and/or is the beneficiary of the https://www.renzos.com mobile website which links to the https://shop.renzos.com mobile website (https://shop.renzos.com is hereinafter also referenced as "mobile website") for the public (such as Plaintiff) to access on their mobile devices (phones, tablets). This mobile website supports, is an extension of, is in conjunction with, is complementary and supplemental to, Renzo's restaurants, and specifically Defendant's Renzo's Carrollwood restaurant. The mobile website delineates the goods, services, accommodations, privileges, benefits and facilities available to patrons at Renzo's Carrollwood restaurant.

10. The https://www.renzos.com mobile website is offered by Defendant as a way for the public to become familiar with Renzo's menu selections, hours of operation and restaurant locations, and specifically as related to Defendant's Renzo's Carrollwood restaurant. The https://www.renzos.com mobile website provides a link to order food (restaurant meals, bakery items or deli items) online

through the related (and linked) https://shop.renzos.com mobile website and have that food available for pickup curbside at the Renzo's Carrollwood restaurant or delivered as instructed by the patron. By the provision of "order online" menu selections, food delivery and curbside pick up to-go order selection, the mobile website is an integral part of the goods and services offered by Defendant on behalf of its Renzo's Carrollwood restaurant. By this nexus, the mobile website is characterized as a Place of Public Accommodation subject to Title III of the ADA[1], 42 U.S.C. §§ 12181(7)(B) & (E) and 28 C.F.R. §§ 36.104(2) & (5).

11. On information and belief, Defendant is the owner and/or beneficiary of the https://shop.renzos.com mobile website[2] and as such, Defendant is defined as a "Public Accommodation" within meaning of Title III under 42 U.S.C. §§ 12181(7)(B) & (E) and 28 C.F.R. §§ 36.104(2) & (5).

12. The mobile website allows mobile device users to use a mobile platform through a connection to Wi-Fi or cellular data so that users can manage their dining choice from their mobile device. Defendant has subjected itself to the ADA because

---

[1] Ensuring Web Accessibility for people with disabilities has become a priority for the Department of Justice. The Department of Justice Civil Rights Division has taken the position that both State and local government websites (Title II) and the websites of private entities that are public accommodations (Title III) are covered by the ADA. On March 18, 2022, the DOJ issued guidance on Web Accessibility, see https://beta.ada.gov/resources/web-guidance/. The guidance states that individuals with disabilities should not be denied equal access to information, and inaccessible websites are as excluding as are access barriers to physical locations. DOJ guidance requires that website barriers must be identified, prevented, and removed so that all Title II and Title III entities offer websites that are accessible to people with disabilities.

[2] See the privacy section of the mobile website

the https://shop.renzos.com mobile website is offered as a tool to promote, advertise and sell products and services from Defendant's Renzo's Carrollwood restaurant. As a result, the mobile website must interact with the public, which includes Plaintiff (a visually impaired person). Therefore, the mobile website must comply with the ADA, which means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the goods and services afforded to the general public.[3]

13. The https://shop.renzos.com mobile website does not properly interact with VoiceOver screen reader software technology in a manner that allows Plaintiff (a visually impaired person) to comprehend the mobile website and does not provide other means of accommodation.

14. Like the seeing community, Plaintiff would like the opportunity to be able to use the mobile website to comprehend and test Renzo's Carrollwood delivery and curbside pickup "order online" menu selections. However, unless Defendant is required to eliminate the barriers to her ability to communicate with/through the mobile website, Plaintiff will continue to denied full and equal access to the mobile website and will be deterred from fully using that mobile website.

15. Plaintiff is continuously aware of the violations on the mobile website

---

[3] According to Statista, almost half of web traffic in the United States originated form mobile devices in 2021. Therefore, Defendant knew or should have known that potential customers would be using the mobile version of its website and provided accessibility for blind users.

and is aware that it would be a futile gesture to attempt to utilize the mobile website as long as those violations exist.

16. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this action is her only means to secure adequate redress from Defendant's practice.

17. Notice to Defendant is not required as a result of its failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

18. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

19. The ADA requires that Public Accommodations (and Places of Public Accommodation) are required to ensure that communication is effective, which includes the provision of auxiliary aids and services for such purpose.

20. According to 28 C.F.R. Section 36.303(b)(1), auxiliary aids and services includes "voice, text, and video-based telecommunications products and systems." 28 C.F.R. Section 36.303(b)(2) specifically states that (VoiceOver) screen

reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

21.     28 C.F.R. Section 36.303(c)(1)(ii) specifically states that public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability."

22.     Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

23.     The mobile website has been designed to integrate with Defendant's Renzo's Carrollwood restaurant through the provision of an online food delivery and curbside pickup menu service and the ability to inquire about catering online; therefore, the mobile website is an extension of Defendant's restaurant. By and through the mobile website, Defendant extends its restaurant into individual persons' homes and portable devices wherever located. The mobile website is a service, facility, privilege, advantage, benefit and accommodation of Defendant's restaurant. As the mobile website is integrated with, and is a nexus to, Renzo's Carrollwood

brick-and-mortar location, it is required by 28 C.F.R. Section 36.303 *et seq.* to provide effective communication to Plaintiff, as a visually impaired person.

24. Plaintiff attempted to access and test the mobile website, but was unable to do so because the mobile website contains barriers to effective communication for visually impaired individuals such as herself. Plaintiff continues to be unable to effectively communicate with Defendant through the mobile website and understand the content therein because numerous portions of the mobile website do not interface with mobile VoiceOver screen reader software. Specifically, features of the mobile website that are inaccessible to Plaintiff (a VoiceOver screen reader software user) include, but are not limited to, the following (citing the WCAG 2.1 Level A and AA Guidelines):

   i. Guideline 1.3.1 Info and Relationships is violated. The *main menu* icon on the Online *Ordering* page is not labeled. It is announced as "image actions available."

   ii. Guideline 1.3.2 Meaningful Sequence is violated. Content must be presented in a meaningful order, and this is violated. Mobile VoiceOver screen reader software users are not able to place an order. Both the *Select Order Type* button and the *Order Now* button spawn a dialog when pressed, but this dialog is not announced, and focus does not move to the dialog but remains on the underlying page and that underlying page content is announced instead. With this violation/error, mobile VoiceOver screen reader software users cannot place an order since the content is not announced and they do not hear that the corresponding "place an order" dialog is present.

   iii. Guideline 2.4.3 Focus order is violated. The site is required to provide focus in a logical order and this has been violated. For example, focus does not move to the dates in the date *picker* popup. After the right arrow at the top of the date *picker* is announced, focus exits the popup and moves to the *time* field.

25. As the owner and/or operator and beneficiary of the mobile website which serves as a gateway to its Renzo's Carrollwoods restaurant for ordering meals, bakery items, deli foods and meat (which is ready-to-cook) online for delivery or curbside pickup, Defendant is required to comply with the ADA and the provisions cited above. This includes Defendant's obligation to create and maintain a mobile website that is accessible to Plaintiff so that she (as a visually impaired person) can enjoy full and equal access to the mobile website and the content therein, including the ability to test and/or communicate her desire to purchase food for delivery or curbside pickup.

26. With respect to its mobile website, Defendant has violated the ADA by failing to interface the mobile website with VoiceOver screen reader software utilized by Plaintiff (a visually impaired individual) (reference violations delineated within paragraph 24) either directly or through contractual, licensing or other arrangements. These violations have resulted in a denial of effective communication to Plaintiff on the basis of her disability as required by 28 C.F.R. Section 36.303 *et seq*.

27. Plaintiff is continuously aware of the violations within the mobile website and is aware that it would be a futile gesture to attempt to utilize and/or test the mobile website as long as those violations exist.

28. As the result of the barriers to communication which are present within

the mobile website and by continuing to operate and/or be the beneficiary of the mobile website with such barriers, Defendant has contributed to Plaintiff's frustration, humiliation, sense of isolation and segregation and has deprived Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the barriers to effective communication within the mobile website and knowing that it would be a futile gesture to attempt to utilize the mobile website, Plaintiff has been deprived of the meaningful choice of freely visiting and utilizing the same accommodations readily available to the general public and has been deterred and discouraged from doing so. By maintaining and/or being the beneficiary of a mobile website with barriers to effective communication, Defendant has deprived Plaintiff the equality of opportunity which it offers to the general public.

29. Plaintiff has suffered (and will continue to suffer) direct and indirect injury as a result of Defendant's violations until Defendant is compelled to comply with the requirements of the ADA and conform its mobile website to WCAG 2.1 Level A and AA Guidelines.

30. Plaintiff desires to access the mobile website to assure herself that the mobile website is in compliance with the ADA so that she will be able to comprehend the mobile website. However, Plaintiff has a realistic, credible, existing and continuing fear of not being able to comprehend and test for the ability to

purchase Renzo's food online due to Defendant's non-compliance with the ADA with respect to the subject mobile website.

31. Plaintiff is without adequate remedy at law and has suffered (and will continue to suffer) irreparable harm. The Plaintiff will continue to suffer injury and damage without the immediate relief as requested herein.

32. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require Defendant to alter the mobile website to make it readily accessible to and usable by Plaintiff (a visually impaired person).

**WHEREFORE,** Plaintiff Windy Lucius hereby demands judgment against Defendant Renzo's North Tampa, LLC and requests the following injunctive and declaratory relief:

a. The Court issue a Declaratory Judgment that determines that the mobile website is in violation of Title III of the Americans with Disabilities Act and 28 C.F.R. Section 36.303 *et seq.*;

b. The Court issue a Declaratory Judgment that Defendant has violated the ADA by failing to monitor and maintain the mobile website to ensure that it is readily accessible to and usable by Plaintiff, a visually impaired person;

c. The Court issue an Order directing Defendant to alter the mobile

      website to the full extent required by Title III of the ADA;

d.    The Court issue an Order directing Defendant provide the appropriate auxiliary aids such that Plaintiff (a visually impaired person) will be able to effectively communicate with the mobile website for purposes of comprehending Renzo's Carrollwood "order online" menu selections, ordering/paying for food for delivery or curbside pickup, and during that time period prior to the mobile website's being designed to permit Plaintiff to effectively communicate, requiring Defendant to provide an alternative method for Plaintiff to effectively communicate so that she is not impeded from obtaining the goods and services which Defendant has made available to the public through the mobile website.

e.    The Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards Plaintiff (a visually impaired person) for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

f.    The Court enter an Order directing Defendant to continually update and maintain the mobile website to ensure that it remains fully accessible and usable pursuant to Title III of the ADA;

g.    The Court award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and,

    h.    The Court provide such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: August 11, 2022

        Respectfully submitted,

        */s/ J. Courtney Cunningham*
        J. Courtney Cunningham, Esq.
        J. COURTNEY CUNNINGHAM, PLLC
        FBN: 628166
        8950 SW 74th Court, Suite 2201
        Miami, Florida 33156
        Telephone: 305-351-2014
        Email: cc@cunninghampllc.com
        *Counsel for Plaintiff*